```
IN THE UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TEVIN BONNER,<br><br>    Plaintiff,<br><br> v.<br><br>CAMDEN COUNTY JAIL,<br><br>    Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 18-cv-14231(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Tevin Bonner, Plaintiff Pro Se
2200 Station Drive, Apt. 12
Camden, NJ 08104

**SIMANDLE, United States District Judge:**

**I. INTRODUCTION**

  Plaintiff Tevin Bonner seeks to bring a civil rights Complaint pursuant to 42 U.S.C. § 1983 against Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

  Plaintiff seeks to bring this civil action without prepayment of fees or security. Docket Entry 1-3. Based on Plaintiff's affidavit of indigency, the Court will grant his application to proceed *in forma pauperis*.

  At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be

dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, it is clear from the Complaint that the claim arose more than two years before the Complaint was filed. It is therefore barred by the two-year statute of limitations that governs claims of unconstitutional conduct under 42 U.S.C. § 1983. The Court will therefore dismiss the Complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

**II. BACKGROUND**

The Complaint, filed on September 24, 2018, alleges that Plaintiff slept "in the room with 4 people for over a year strai[gh]t and have been sleeping on the floor the whole time and within that time I have suffered from back injuries." Complaint § III(C). Plaintiff states that these events occurred "September 30, 2014 to December 11, 2015." *Id*. § III(B). Plaintiff claims to have sustained "back injuries." *Id*. § IV. He seeks relief of "[$]20,000." *Id*. § V.

**III. STANDARD OF REVIEW**

Section 1915(e)(2) requires a court to review complaints prior to service of the summons and complaint in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails

2

to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

The Complaint alleges that Plaintiff experienced unconstitutional conditions of confinement while confined at CCJ from "September 30, 2014 to December 11, 2015." Complaint § III(B). Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be

brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

The allegedly unconstitutional conditions of confinement, namely the purported overcrowding and sleeping conditions in cells up to December 11, 2015, would have been immediately apparent to Plaintiff at the time of detention; therefore, the two-year statute of limitations for Plaintiff's claims expired in December 2017 at the latest, well before this Complaint was filed on September 24, 2018. (Docket Entry 1.) Plaintiff has filed this lawsuit too late. Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of Plaintiff's cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing the claim, and there is nothing to indicate Plaintiff filed the claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

As it is clear from the face of the Complaint that more than two years have passed since Plaintiff's claims accrued, the Complaint is dismissed with prejudice, meaning Plaintiff may not file an amended complaint concerning the events while he was confined at CCJ from "September 30, 2014 to December 11, 2015." Complaint § III(B). *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

**V. CONCLUSION**

For the reasons stated above, the Complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.

**January 8, 2019**            **s/ Jerome B. Simandle**
Date           JEROME B. SIMANDLE
          United States District Judge